**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-00596

MELIN LLC, and
ALOHAT, LLC,

      Plaintiffs,

v.

LOVE YOUR MELON, INC.,
LOVE YOUR MELON LLC, and
LOVE YOUR MELON FOUNDATION,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

    Plaintiffs Melin LLC and Alohat, LLC (collectively, "Melin"), by and through their attorneys, Perkins Coie, LLP, file this Complaint against Defendants Love Your Melon, Inc., Love Your Melon, LLC, and Love Your Melon Foundation (collectively, "Defendants"), stating as follows:

### INTRODUCTION

    1.    This is an action for trademark infringement, false designation of origin, and unfair competition arising out of Defendants' sales of headwear products prominently featuring a "Melon" mark confusingly similar to Melin's MELIN marks.  On information and belief, Defendants previously utilized a "Love Your Melon" mark for headwear and apparel products. Recently, however, Defendants launched a new "Caps" headwear product line similar to Melin's headwear products and modified the "Love Your Melon" mark to a "Melon" mark similar to Melin's federally registered MELIN trademarks for at least this line of headwear products.

2.      Melin's conduct violates federal and Colorado law.  On information and belief, Defendants' branding and presentation of products with a "Melon" mark have caused actual confusion in the marketplace.  Unless enjoined, Defendants' misleading actions will continue to create consumer confusion, adversely impact Melin's sales, and destroy the goodwill that Melin has spent years cultivating with its MELIN brand.

### THE PARTIES

3.      Plaintiff Melin LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 27075 Cabot Road, Ste. 107, Laguna Hills, California 92653.

4.      Plaintiff Alohat LLC is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business located at 805 SW Broadway, Suite 2440, Portland, Oregon 97205.

5.      On information and belief, Defendant Love Your Melon, Inc. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 225 South Sixth Street, Suite 3150, Minneapolis, Minnesota 55402.

6.      On information and belief, Defendant Love Your Melon, LLC is a limited liability company organized and existing under the laws of the State of Minnesota with its principal place of business located at 225 South Sixth Street, Suite 3150, Minneapolis, Minnesota 55402.

7.      On information and belief, Defendant Love Your Melon Foundation is a nonprofit corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 3316 West Lake Street, Unit #420, St. Louis Park, Minnesota 55416.

**JURISDICTION AND VENUE**

8.      This is an action for violation of 15 U.S.C. §§ 1114 and 1125(a) and for related claims for common law trademark infringement and unfair competition arising under the laws of the State of Colorado.  This  Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 and 15 U.S.C. § 1121.  This Court also has jurisdiction as to the subject matter of this action under 15 U.S.C. § 1332(a) because the suit is between citizens of different States and the amount in controversy exceeds $75,000, excluding interest and costs.

9.      This Court has personal jurisdiction over Defendants because Defendants carry on substantial and continuous business activities in the State of Colorado.  On information and belief, Defendants have the requisite minimum contacts with this District because Defendants have solicited business in this District, transacted business in this District, and attempted to derive financial benefits from residents in this District.

10.      On information and belief, Defendants manufacture, advertise, offer for sale, and sell in this District merchandise branded with the infringing "Melon" mark that is the subject of this action.   For example, a website titled "Love Your Melon" available at https://www.loveyourmelon.com/blogs/love-your-melon-blog/19066564-how-love-your-melon-caps-are-made states "Our new line of caps are now available online as of May 1st.  They are made in Denver, Colorado through a unique process that makes them super comfortable."  A February 25, 2017 printout from that website is in **Exhibit A**.   Defendants therefore have constitutionally-sufficient contacts with the State of Colorado to make personal jurisdiction proper in this District.

11.     Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because Defendants are subject to the Court's personal jurisdiction in the State of Colorado and would be subject to personal jurisdiction in this District if this District were a State.

**FACTUAL BACKGROUND**

12.     Melin is a Southern California lifestyle headwear brand focused on raising the status quo through new materials, unique design, and relentless innovation.  Melin developed and has continuously used its MELIN brand in commerce.

13.     On December 22, 2015, the United States Patent and Trademark Office granted U.S. Registration No. 4,873,923 on the Principal Register for the mark "MELIN."  Alohat, LLC owns U.S. Registration No. 4,873,923, which is exclusively licensed to Melin LLC.  Melin has been continuously using this mark in commerce since at least November 2013.  A copy of the registration certificate for the MELIN mark is attached in **Exhibit B**.

14.     On November 8, 2011, the United States Patent and Trademark Office granted U.S. Registration No. 4,053,705 on the Principal Register for the "MELIN" design mark.  Alohat, LLC owns U.S. Registration No. 4,053,705, which is exclusively licensed to Melin LLC.  Melin has been continuously using this mark in commerce since at least November 2013.  A copy of the registration certificate for the MELIN design mark is attached in **Exhibit C**.

15.     Collectively, the marks covered by U.S. Registrations No. 4,873,923 and 4,053,705 are referred to herein as the "MELIN Marks."

16.     Melin uses the MELIN Marks in connection with the sale of goods and services, including in connection with the sale of headwear products.  An example of Melin's use of the MELIN Marks in connection with headwear goods taken from Melin's website available at

https://www.melinbrand.com/collections/all-products?view=all on or about February 26, 2017, is pictured below:



17.     Melin has been selling, advertising, and promoting goods and services bearing the MELIN Marks nationwide in various advertising channels, including trade shows, printed brochures, and on its website continuously since at least November 2013.

18.     Melin has invested a significant amount of time and money advertising and promoting the MELIN Marks, and has built up a substantial amount of goodwill in the Melin Marks.  As a result, consumers have come to identify Melin as the source of goods and services sold under the MELIN Marks.  The MELIN Marks are inherently distinctive, and the public has come to associate these marks exclusively with the unique source of products bearing them, namely, Melin.  Melin's advertising, promotion, and marketing efforts have resulted in favorable public acceptance and recognition of the MELIN Marks.  As a result of Melin's efforts, and substantial sales of products bearing the trademarks, consumers have come to understand those trademarks as signifying a unique source for products bearing the MELIN brand.

**Defendants' Infringement**

19.     On information and belief, Defendants have used and continue to use a "Love Your Melon" mark in connection with the sale of goods and services, including "Beanie" headwear products and other apparel.

20.     On information and belief, consumers have not been confused as to source, sponsorship or affiliation between Melin's MELIN brand and Defendants' "Love Your Melon" brand despite more than three years of coexistence in the marketplace.

21.     On information and belief, Defendants recently launched a new "Caps" headwear product line.  On information and belief, Defendants have used and are using a new "Melon" mark in interstate commerce in connection with the promotion, sale, offer for sale, distribution, and advertising of goods and services related to at least Defendants' "Caps" headwear products. The following are example images of headwear goods offered for sale with the "Melon" mark taken from Defendants' website available at https://www.loveyourmelon.com on or about February 26, 2017:



22.     On information and belief, Defendants' "Caps" headwear products emulate and compete directly with Melin's headwear products.

23.     Given the striking similarity between the products' respective brand names, there is a high likelihood that consumers will mistakenly believe that Melin's MELIN products are actually Defendants' "Melon" products or mistakenly believe that Melin's products come from, are sponsored or licensed by, or are associated or affiliated with, Defendants, particularly in view of Defendants' departure from the "Love Your Melon" mark for these products.  On information and belief, Defendants' use of the "Melon" mark has caused and will cause customer confusion.

24.     On information and belief, Defendants have knowledge of the MELIN Marks. For example, the Chief Financial Officer for Love Your Melon, Matthew Noonan, placed an order for six Melin headwear products marked with the MELIN Marks on or about February 12, 2017, for shipment to the principal place of business for Defendants Love Your Melon, Inc. and Love Your Melon, LLC.

25.     On information and belief, Defendants intend to confuse the public as to the source of MELIN products and "Melon" products.  Defendants' infringement is therefore willful.

26.     Defendants have been on notice of their infringement since at least February 23, 2017, when a Melin representative notified Defendants' Chief Executive Officer Zachary Quinn of the infringement by telephone and requested Defendants cease the infringement.  Defendants refused to cease their use of the "Melon" mark.

## Injury to Melin and the Public

27.     On information and belief, Defendants have intentionally adopted a mark that is likely to deceive consumers into believing they are purchasing MELIN products or that the

"Melon" products come from or are affiliated with Melin in developing and marketing the "Melon" headwear products. Deception of consumers is an injury to the public interest.

28.     If Defendants' infringement is not enjoined, Melin will continue to suffer irreparable damage to its hard-earned brand recognition in headwear. As the latecomer, Defendants' "Melon" products will unfairly gain recognition and sales at Melin's expense by borrowing from the reputation, goodwill, and recognition that Melin built in its MELIN Marks.

29.     Defendants' unlawful conduct will also cause Melin to lose sales and revenues as consumers are confused into purchasing Defendants' "Melon" headwear under the mistaken belief that they are buying MELIN headwear and other products produced by or affiliated with Melin. Defendants' conduct will also damage Melin as others in sales and distribution channels are confused into believing that Defendants' "Melon" products are MELIN products or are produced by or affiliated with Melin.

30.     In addition, Melin is being and will be irreparably injured by losing control of its brand's reputation. Defendants' unauthorized imitation of Melin's trademarks causes Melin to be associated with a product over which it has no control. That involuntary association will injure Melin, especially if consumers are dissatisfied with Defendants' product for any reason and consequently have a less favorable opinion of MELIN products.

## COUNT I

### Infringement of Federally Registered Trademarks Under 15 U.S.C. § 1114

31.     Melin hereby realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

32.     This is a claim for infringement of the federally registered MELIN Marks, as depicted in the attached **Exhibits A and B**.  The MELIN Marks are valid, federally registered trademarks.

33.     The MELIN Marks are inherently distinctive or, in the alternative, have acquired strong secondary meaning among relevant consumers throughout the United States.

34.     Defendants have used a counterfeit or colorable imitation of the MELIN Marks in connection with the promotion, sale, offer for sale, distribution, and/or advertising of at least headwear goods in interstate commerce.  Defendants' conduct constitutes a willful and knowing attempt to trade on the goodwill Melin owns and has developed in the MELIN Marks.

35.     Defendants' unauthorized imitation of the MELIN Marks in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them to mistakenly believe that Defendants' goods and services are authorized by Melin or that Melin's goods and services are authorized by Defendants.

36.     Defendants' unauthorized imitation of the MELIN Marks in interstate commerce constitutes trademark infringement under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a), and use of a counterfeit mark under Section 35 of the Lanham Act, 15 U.S.C. § 1117(b), (c).

37.     Defendants' unauthorized imitation of the MELIN Marks is a knowing, willful, and intentional violation of Melin's rights.

38.     Defendants will continue, unless enjoined, to cause irreparable harm to, and injury to the goodwill and reputation of, Melin.

39.     Defendants' infringement diminishes the value of Melin's trademarks, goodwill, and business reputation.  Further, Defendants' acts of infringement, unless restrained, will cause

great and irreparable injury to Melin and to the recognition and goodwill represented by the MELIN Marks, in an amount that cannot be ascertained at this time, leaving Melin with no adequate remedy at law.

40.      By reason of the foregoing, Melin is entitled to injunctive relief restraining Defendants' from any further infringement of the MELIN Marks and is also entitled to recovery of Defendants' profits, actual damages, enhanced profits and damages (including trebling), costs, reasonable attorneys' fees, and interest under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II

### False Designation of Origin Under 15 U.S.C. § 1125

41.      Melin hereby realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

42.      Melin uses and owns the MELIN Marks in connection with its sale of MELIN products.  The trademarks are inherently distinctive and have also acquired secondary meaning as a designation of origin for Melin.

43.      Defendants use the "Melon" mark in interstate commerce in connection with the promotion and sale of at least headwear products.  Defendants' promotion and sale of "Melon" products is likely to cause confusion and mistake and to deceive consumers and others as to the origin, sponsorship, or affiliation of the parties' products.  Consumers seeing "Melon" in the marketplace are likely to believe it is sponsored by, associated with, or otherwise affiliated with Melin and/or MELIN, or vice versa.

44.      Defendants' use of the "Melon" mark constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.     Defendants' use of the "Melon" mark is a knowing, willful, and intentional violation of Melin's rights.

46.     Defendants' acts of false designation of origin, unless restrained, will cause great and irreparable harm to Melin and to the business goodwill represented by the MELIN Marks in an amount that cannot be ascertained at this time, leaving Melin with no adequate remedy at law.

47.     By reason of the foregoing, Melin is entitled to injunctive relief against Defendants, restraining them from any further acts of false designation of origin, and is also entitled to recovery of Defendants' profits, actual damages, enhanced profits and damages (including trebling), costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1125.

## COUNT III

**Trademark Infringement and Unfair Competition Under the Colorado Common Law**

48.     Melin hereby realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

49.     Defendants' conduct constitutes trademark infringement and unfair competition in violation of the common law of the State of Colorado.

50.     The MELIN Marks are inherently distinctive or, in the alternative, have acquired strong secondary meaning among relevant consumers in the State of Colorado. Defendants' use of the "Melon" mark so closely resembles the MELIN Marks in appearance, sound, connotation, commercial impression, and meaning that the sale by Defendants of goods and services under this mark is likely to cause consumer confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Melin and/or as to the origin, sponsorship, or

approval of Defendants' goods or services by Melin.  In addition, Defendants' commercial advertising or promotion of the "Melon" goods misrepresents the nature, characteristics, qualities, or geographic origin of those goods and services.

51.     Defendants' actions, if not restrained, will cause irreparable injury to Melin.  In addition, Defendants' actions will cause Melin to lose income, profits, and goodwill while Defendants acquire income, profits, and goodwill.  This infringement diminishes the value of Melin's marks, goodwill, and business reputation.

52.     Melin is entitled to injunctive relief and damages including, but not limited to, Defendants' profits, actual damages suffered by Melin, and punitive damages, and attorneys' fees, costs, and interest.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Melin LLC respectfully requests that this Court enter judgment against Defendants as follows:

A.     A preliminary and permanent injunction enjoining Defendants and any principals, agents, servants, employees, successors, and assigns of Defendants and all those in privity, concert, or participation with such Defendants from:

(i)     imitating, copying, duplicating, or otherwise making any use of the MELIN  Marks or any other mark confusingly similar to the MELIN Marks;

(ii)     manufacturing, producing, distributing, circulating, selling, or otherwise creating goods which bear any copy or colorable imitation of the MELIN Marks;

(iii)     using any unauthorized copy or colorable imitation of the MELIN Marks in such fashion as is likely to relate or connect Defendants with Melin;

(iv)     using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any goods or service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by Melin;

(v)     causing likelihood of confusion or injury to Melin's business reputation and to the distinctiveness of the MELIN Marks by unauthorized use of a confusingly similar mark;

(vi)     engaging in any other activity constituting unfair competition or infringement of the MELIN Marks or Melin's rights in, or to use, or to exploit the same; and

(vii)     assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above;

B.     A judgment in favor of Melin and against Defendants that Defendants have infringed Melin's MELIN Marks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a) and have damaged Melin's goodwill by their conduct;

C.     A judgment in favor of Melin and against Defendants that Defendants have engaged in false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D.     A judgment in favor of Melin and against Defendants that Defendants have infringed Melin's MELIN Marks in violation of the common law of the State of Colorado;

E.     A judgment in favor of Melin and against Defendants that Defendants have committed acts of unfair competition in violation of the common law of the State of Colorado;

F.     A judgment that Defendants' infringement of the MELIN Marks was willful;

G.      A judgment that each Defendant is jointly and severally liable, and an accounting for monetary damages in an amount to be fixed by the Court in its discretion in an amount adequate to compensate Melin for Defendants' infringement of the MELIN Marks, false designation of origin, and unfair competition, including all of each Defendant's profits or gains of any kind resulting from the willful infringement and acts of unfair competition, said amount to be trebled pursuant to 15 U.S.C. § 1117;

H.      An award to Melin of its attorneys' fees and costs, and award such fees under 15 U.S.C. § 1117 due to the exceptional nature of this case.;

I.      An award to Melin of exemplary damages pursuant to 15 U.S.C. § 1117 in view of Defendants' intentional, willful, wanton, and reckless disregard of its rights; and

J.      Such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiffs Melin LLC and Alohat, LLC requests a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 6th day of March, 2017

Respectfully submitted,

**PERKINS COIE LLP**

By:  *s/ Kourtney Mueller Merrill*
     Kourtney Mueller Merrill, #36662
     KMerrill@perkinscoie.com
     Elizabeth M. Banzhoff, #44534
     EBanzhoff@perkinscoie.com
     1900 Sixteenth Street, Suite 1400
     Denver, CO  80202-5255
     Telephone:  303.291.2300
     Facsimile:  303.291.2400

*Attorneys for Plaintiffs*
*Melin, LLC and Alohat, LLC*